**SUMMONS ISSUED**

**CV-11 3155**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

_____X

★ JUN 30 2011 ★

Omer Levy

Docket No.

**Plaintiff**

LONG ISLAND OFFICE

-against-

Receivables Performance
Management, LLC.

**Defendant**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

_____X

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

**BIANCO, J.**

**I. INTRODUCTION**

**BOYLE, M**

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt.

2. This is an action for damages brought by two individual consumers for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

3. According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d),; 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA. Venue in this District is proper in that the Defendant transacts business here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Omer Levy, is a natural person residing in Queens County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Receivables Performance Management, LLC is a foreign corporation not authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

9. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

10. The acts of the Defendant alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

11. The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was alleged to have been incurred for a consumer credit card, no part of which was used for business purposes.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats paragraphs "1" through "11" as if fully restated herein.

13. Plaintiff incurred a consumer credit card debt ("the debt"). The alleged debt of Plaintiff was incurred for personal, family, or household services, and not for any business purpose.

14. Unfortunately, and for reasons beyond his control, Plaintiff was unable to repay such debt on time.

15. At some point unknown to Plaintiff, Defendant alleges to have acquired the right to attempt to collect such debt. Defendant has not produced, nor has Plaintiff seen any documents indicating that Defendant has the legal right to attempt to collect the alleged debt.

16. Defendant and Plaintiff have no personal or business relationship. All communications between the Plaintiff and the Defendant were in connection with the collection of the alleged debt.

17. Defendant utilizes an automatic telephone dialing system to telephone consumers.

18. Within one year preceding the filing of this action, the Defendant persistently telephoned the Plaintiff's cellular telephone using an automatic telephone dialing system.

19. The Defendant did not receive any direct communication from the Plaintiff authorizing the Defendant to telephone the Plaintiff's cellular phone.

20. The Defendant telephoned the Plaintiff's cellular telephone virtually every day.

21. The Defendant telephoned the Plaintiff's cellular telephone sometimes more than six times per day with the intent to harass the Plaintiff.

22. The Defendant continued to call Plaintiff's cellular phone for months.

23. When Plaintiff spoke with the Defendant, the Defendant falsely threatened to sue the Plaintiff for the alleged debt.

24. When Plaintiff spoke with the Defendant, the Defendant falsely threatened to garnish the Plaintiff's wages.

25. The Defendant misrepresented themselves as attorneys to the Plaintiff.

26. When Plaintiff spoke with Defendant, the Defendant falsely informed Plaintiff that when Defendant sues the Plaintiff, Plaintiff will have to pay three times the amount of the alleged debt.

27. The Plaintiff disputes the alleged debt.

28. When the Defendant learned that the Plaintiff was Israeli, the Defendant informed Plaintiff that Plaintiff should go back to Israel.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

30. Defendant's actions as described herein violated the following provisions of the FDCPA:

   a. 15 USC 1692e

   b. 15 USC 1692e(2)

   c. 15 USC 1692e(3)

   d. 15 USC 1692e(4)

   e. 15 USC 1692e(5)

   f. 15 USC 1692e(10)

   g. 15 USC 1692e(11)

   h. 15 USC 1692d

   i. 15 USC 1692d(1)

   j. 15 USC 1692d(6)

   k. 15 USC 1692 f

   l. 15 USC 1692f(1)

## VII. CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

32. Within the year preceding the filing of this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

33. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

34. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

35. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages under the FDCPA

2. Statutory damages pursuant to the FDCPA and the TCPA;

3. Costs and reasonable attorney's fees;;

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

### DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff