The Law Office of Joseph Mauro, LLC      **(631) 669-0921**
306 McCall Ave.      **(631) 669-5071 fax**
West Islip, NY  11795

December 20, 2011

Hon. E. Thomas Boyle
Alphonse M. D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722

           RE:  LEVY v. Receivables Performance Management, LLC.
                 CV -11 - 3155

Honorable Judge Boyle,

     I represent the Plaintiff in the above matter. Please accept this letter as a motion to compel discovery responses.

     On November 13, 2011, Plaintiffs served Defendant via mail and email with Request for Production of Documents; and Interrogatories. **(Exhibit A)**.  The Defendant has not responded to these requests in any manner, nor have they requested additional time to respond to such. Plaintiff respectfully requests that the Court issue an order directing the Defendant to respond to the Requests for Production of Documents and the Interrogatories. [1]

     Additionally, as the defendant has not objected to any of the requested documents or Interrogatories, it is respectfully submitted that the Defendant has waived any such objections. See *Adkison v. Marhsall & Ziolkowski*, 2008 U.S. Dist. LEXIS 115852 (EDNY 2008):

> Furthermore, defendants have waived any objections to the outstanding interrogatories. Rule 33(b)(4) provides that any ground for objection "not stated in a timely objection is waived unless the court, for good cause, excuses the failure."The defendants have shown no cause at all for their failure to respond to the demands in a timely fashion. In cases where, as here, no good cause has been shown, a finding of waiver is appropriate. "Any other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines."*Eldaghar v. City of New York Dep't of Citywide Admin. Svces,* 2003 U.S. Dist. LEXIS 19247, at *3-4 (S.D.N.Y. Oct. 20, 2003).

     Also see: *Land Ocean Logistics v. Aqua Gulf Corporation,* 181 F.R.D.229 (WDNY 1998) *Labarbera v. Absolute Trucking, Inc.*, CV 08 4581, 2009 U.S. Dist. LEXIS 70901 (EDNY 2009).

Sincerely,

Joseph Mauro

---

[1] Plaintiff also served Defendant with Requests for Admission, along with the interrogatories and document requests.  Defendant responded to the Requests for Admission, so it is clear that they received the requests but have chosen not to timely respond to the interrogatories or document requests.