UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

Omer Levy                                                                    Docket No.  11-3155

      **v.**                                                           **Plaintiff**

Receivables Performance
Management, LLC.

                                                **Defendant**
_____X


**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO**

The Plaintiff, propounds on Defendant Receivables Performance Management, LLC (sometimes referred to herein as "you, your, RPM, or Defendant"), these written discovery requests pursuant to Federal Rules of Civil Procedure 33, 34 and 36, to be answered in accordance with the accompanying Instructions and Definitions described in the Local Rules of the Eastern District of New York within 30 days after service.

## *GENERAL INSTRUCTIONS*

- **Unless otherwise stated, the scope of these discovery requests is <u>three years prior to the filing of the complaint or the date of the occurrence, whichever is earlier</u>.**
- **"TCPA" as used herein refers to the telephone consumer protection act.**
- **"FDCPA" as used herein refers to the fair debt collection practices act.**
- **"You" includes, all named Defendants, your company, entity, institution, agency, subsidiary (ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. You may also be referenced herein simply as "Defendant" or "URS. "You" refers to you, your agents, servants and/or employees, and in the instance of Defendant corporations or other business entities, "you" refers to the person or entity designated to these interrogatories as well as any person, agent, servant and/employee who acted**

- **on behalf of the Defendant at any time and in connection with answering these interrogatories.**
- **The "debt" as referred to herein refers to the debt which the Receivables Performance Management, LP was attempting to collect as further described and referred to in the Complaint in this action.**
- **Objections as to privilege are invalid unless accompanied by a privilege log as contemplated by rule 26(b)(5). for any response withheld on the ground of privilege, state:**

     **(A)**     the nature of the document (*e.g.*, letter, memorandum, contract, etc.);
     **(B)**     the author or sender of the document;
     **(C)**     the recipient of the document;
     **(D)**     the date the document was authored, sent, and/or received;
     **(E)**     the reason such document is allegedly privileged.


## *PLAINTIFF'S FIRST SET OF INTERROGATORIES*


1.     State the name, employer, most current home address, title and job description of each person (including present or former third parties, officers and/or employees) who is responsible for your telephony systems and operations.

2.     State the name, current address, and telephone number of every employee or agent of you that attempted to collect the alleged debt from Plaintiff, and the date of each said contact.

3. How many times did you place a call to the Plaintiff?

4. Identify the date and time of every call you made to 646-286-4424..

5. Identify the content of each message you left for the Plaintiff.

6. Please state how many times you initiated a telephone call to telephone number 646-286-4424.

7. Identify every lawsuit, administrative complaint, and informal complaints, in which a person alleged that you engaged in conduct in violation of 15 USC 1692c(b), 15 USC 1692e(10), 15 USC 1592e, or the TCPA. (please include every state and federal lawsuit, all complaints made to state's Attorneys General, all complaints made to the Federal Trade Commission, all complaints made to the Better Business Bureaus, all letters received by you directly from

consumers; as well as any other formal or informal complaint alleging the violations identified in this interrogatory)

8. Identify every instance in which you have given testimony (deposition, trial, or otherwise) related in any manner to the TCPA or the FDCPA.

9. Identify all effort you have ever made in order to attempt to comply with the TCPA with respect to the attempt to collect the debt.

10. Identify each piece of machinery, software, hardware, or other equipment used by you to place telephone calls to consumers.

11. Identify each piece of machinery, software, hardware or other equipment that was used by you to place, calls to Plaintiff.

12. Explain how the pieces of machinery, software, hardware or other equipment identified in number 11 above interacted to place telephone calls to the Plaintiff.

13. Do you have any recordings containing the Plaintiff's voice?

14. Was your Noble System equipment utilized in any manner to help you communicate with the Plaintiff. If so, please explain how the Noble System equipment was so utilized.

15. Identify all procedures you used prior to calling the Plaintiff to verify that the telephone number 646-286-4424 was not a cellular phone.

16. Please identify the factual basis for your assertion in your Forth Affirmative Defense that "Plaintiff expressly consented to contact by Defendant through use of his cell phone." (i.e. How do you claim Plaintiff consented?)

17. Please identify the name, address, and telephone number of the alleged creditor for whom you were attempting to collect the debt.

18. Please identify the name, address, and telephone number of the original creditor of the alleged debt.

```
                                        Yours, etc.,
```

Date: November 13, 2011          Joseph Mauro (8295)
                                 The Law Office of Joseph Mauro, LLC
                                 306 McCall Ave.
                                 West Islip, NY 11795

*CERTIFICATE OF SERVICE*

I, JOSEPH MAURO an attorney, hereby certify that I caused to be served on the following counsel(s) of record the attached FIRST SET OF INTEROGATORIES on November 13, 2011

to:

Peter Cipparulo, Esq.
 Radom and Wetter
245 Route 22
Bridgewater, NJ 08807  and by email to: peter@radomandwetter.com


and


Alba Alessandro
Hodgson Russ, LLP
60 East 42nd St. 37th Floor,
New York, NY 10165-0150  and via email to:AAlessan@hodgsonruss.com



Dated: West Islip, New York
           November 13, 2011

_____
                             **Joseph Mauro**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

Omer Levy                                                                                   Docket No.  11-3155

                               **Plaintiff**

 -against-


Receivables Performance
Management, LLC.                             **Defendant**
_____ X



**To:**  Receivables Performance Management, LLC

**From:** Omer Levy

                **Request for Production of Documents, etc., Under Rule 34**

      Pursuant to Rules 26 & 34 of the Federal Rules of Civil Procedure, and the Local Rules for the United States District Court of the Eastern District of New York, Plaintiff requests that Defendants produce within (30) days, the documents herein described and permit Plaintiff and his attorneys to inspect them and copy such of them as they may desire.  Plaintiff requests that the documents be made available for this inspection at the offices of counsel for the Plaintiff, The Law Office of Joseph Mauro, LLC at 306 McCall Ave. West Islip, NY 11795 or at such office of the Defendant's as may be the location of any of the documents requested, in normal business hours, with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to Plaintiff's requests for production:

1. "You" includes, all named Defendants, your company, entity, institution, agency, subsidiary (ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. You may also be referenced herein simply as "Defendant" or "RPM. "You" refers to you, your agents, servants and/or employees, and in the instance of Defendant corporations or other business entities, "you" refers to the person or entity designated to these interrogatories as well as any person, agent, servant and/employee who acted on behalf of the Defendant at any time and in connection with answering these interrogatories.

2. The "FDCPA" refers to the Federal Fair Debt Collection Practices Act, codified at,15 USC 1692 et seq.

3. The "TCPA" refers to the Telephone Consumer Protection Act, codified at5 47, U.S. C 227 et seq.

4. The "debt" as referred to herein refers to the debt which the Receivables Performance Management, LLC was attempting to collect as further described and referred to in the Complaint in this action.

5. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

REQUESTS FOR PRODUCTION

**Please produce the following:**

1. All documents relating to the debt.

2. All manuals related to all machinery that has been used by you in the last three years to telephone consumers, including, but not limited to phones, computers, dialer machines, or any other machinery that have been used by you to make, record, or document communications with consumers.

3. Every contract, agreement, between you and Noble Systems (or any company related to Noble Systems).

4. All correspondence between you and Noble Systems (or any related company) since 2008.

5. Every manual, promotional material, or documentation of any nature, related to the use of any product or service of Noble Systems (or any related company).

6. All documents relating to the Plaintiff, or which are indexed, filed or retrievable under Plaintiff's names or any number, symbol, designation or code (such as an account number or Social Security number) assigned to Plaintiff.

7. All documents transmitted to or from the Plaintiff by you or any agent or representative of you.

8. All documents relating to or referring to your compliance, or non-compliance with the TCPA.

9. All documents, notes, presentations, powerpoint, and invoices regarding seminars, tele-seminars or manuals that reference compliance with the TCPA.

10. All communications that mention or relate to compliance with the TCPA, including but not limited to all emails, letters, or other correspondence, from or to any employee, officer, or owner of you.

11. All documents from any litigation in which you were a Defendant in which the Plaintiff (or counter claimant) in that litigation alleged violations of the TCPA.

12. All documents or data that show Plaintiff's consented to receive telephone calls from you on Plaintiff's cellular telephone.

13. All documents evidencing any searches ("scrubs") conducted by you to determine whether the telephone number  646-286-4424 was a cellular telephone.

14. All documents or data that demonstrate that you had prior express consent to call Plaintiff's cellular telephone.

15. All documents concerning any investigation, study or statistic of the cost, possibility or practicability of using, or not using: (a) automatic telephone dialing systems and/or (b) artificial or pre-recorded voice during telephone calls to consumers.

16. All documents relating to any investigation, study or statistic of the cost, possibility or practicability of determining whether a telephone number was a cellular number or not.

17. All documents, contracts, and agreements of any nature with third parties relating to any of the equipment, software, hardware, machinery, that Defendant utilized from 2008 to the present that in any manner relates to the calling consumers and or documenting such calls.

18. All documents, contracts or agreements concerning pre-recorded or automatic messaging.

19. All documents concerning or relating to any effort, ever, by you or any affiliated company to determine a process, policy or practice whereby you could determine whether a telephone number is or was assigned to a cellular telephone.

20. All manuals, memoranda, instructions and other documents which discuss, described or set forth standards, criteria, guidelines, policies or practices pursuant to the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act relating to making debt collection telephone calls.

21. All manuals, memoranda, instructions and other documents which discuss, described or set forth standards, criteria, guidelines, policies or practices relating to the collection of debts by means of telephone calls, including but not limited to the use of automatic telephone dialing systems or an artificial or prerecorded voice.

22. All documents relating to any judicial or administrative proceeding after 2004 in which you  were accused of violating the FDCPA, the TCPA, any state statute, or any tort, where the accusation is related to the collection of debts by means of telephone calls. (including, but not limited to, all matters which contain allegations that you improperly used a telephone dialing system, used a pre-recorded or artificial voice,

telephoned a consumer's cellular telephone, communicated with third parties, or utilized deceptive practices).

23. All documents related to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities.

24. All documents which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as Attorney General's office, the Federal Trade Commission, a Better Business Bureau) relating to collection of debts by means of telephone calls, including but not limited to the use of automatic telephone dialing systems or an artificial pre-recorded message, third party communication, or deceptive practices.

25. All insurance policies that could possibly afford coverage with respect to the matters complained of in this case together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

26. All documents relating to the maintenance by defendant of policies, practices or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones using an automatic telephone dialing system or using artificial or pre-recorded voice.

27. All material, and documents pertaining to training by or for the Defendant and its employees regarding the Fair Debt Collection Practices Act; and the Telephone Consumer Protection Act; state debt collection laws; and state laws regulating the use of automatic telephone dialing systems.

28. All documents and materials, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding compliance with the FDCPA.

29. All documents and materials, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding compliance with the TCPA.

30. All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collections Practices Act, and the Telephone Consumer Protection Act.

31. Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

32. All exhibits which Defendant proposes to introduce at trial.

33. Please produce all documents evidencing or including data concerning the names, addresses, telephone numbers, current employers and current whereabouts of each and every one of your current and former employees who has communicated with the Plaintiff or who was in any manner involved with the Plaintiff's account.

34. The personnel file and of every employee who attempted to collect the alleged debt from Plaintiff (including evidence of any complaints instituted against said employees for improper collection activities, and documentation showing any discipline such employee received)

35. Please produce un-redacted copies of all documents evidencing telephone messages, collection notes, log books or your other regularly maintained records which contain information about communications between you and Plaintiff.

36. The key to the abbreviations used in the collection notes produced by you in this matter.

37. Please produce an organizational chart for the Defendant.

38. Please produce all documents that are referenced in Defendant's Initial Disclosures.

39. All complaints, answers, discovery responses, deposition transcripts, settlement agreements, judgments, and correspondence between opposing attorneys, from every lawsuit in which the Defendant was accused of violating the TCPA.

40. All complaints, answers, discovery responses, deposition transcripts, settlement agreements, judgments, and correspondence between opposing attorneys, from every lawsuit in which the Defendant was accused of violating the FDCPA in which the allegations related to Defendant's use of the telephone while collecting debts.

41. All of the Defendant's phone bills for the time period in which you were attempting to collect the alleged debt from Plaintiff.

42. All documents indicating, or evidencing the content of each message left by the Defendant for the Plaintiff.

43. All recordings of any nature containing the voice of any of the Defendants (or Defendant's employees or agents) in which the Plaintiff or Plaintiff's account is referred to in any manner.

44. All recordings of any nature containing an artificial or pre-recorded voice utilized by Defendant to collect debts during the years 2009 to the present.

45. All recordings of telephone messages of any nature that were left for the Plaintiff by Defendant.

46. All recordings of any nature containing the voice of any the Plaintiff.

47. All documents substantiating any affirmative defenses Defendant has or plans to interpose in this action.

48. Un redacted copies of the collection notes of the Plaintiff.

49. All reports (including call logs) related in any manner to the Plaintiff created by your automatic telephone dialing system.

50. All documents related to the Plaintiff that you have ever received from the entity for which you were attempting to collect the alleged debt.

51. Any contracts, agreements, between you and the entity for which you were attempting to collect the alleged debt.

52. All documents related to the Plaintiff that you have ever received from the original creditor of the debt you were attempting to collect from Plaintiff.

This Request shall be deemed continuing so as to require further and supplemental production if Defendant obtains additional documents required to be produced herein between the time of the initial production and the time of trial.

Yours, etc.,

Date: November 13, 2011

Joseph Mauro (8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

*CERTIFICATE OF SERVICE*

I, JOSEPH MAURO an attorney, hereby certify that I caused to be served on the following counsel(s) of record the attached FIRST SET OF REQUESTS FOR DOCUMENTS on November 13, 2011 to:

Peter Cipparulo, Esq.
 Radom and Wetter
245 Route 22
Bridgewater, NJ 08807  and by email to: peter@radomandwetter.com

and

Alba Alessandro
Hodgson Russ, LLP
60 East 42nd St. 37th Floor,
New York, NY 10165-0150 and via email to:AAlessan@hodgsonruss.com

Dated: West Islip, New York
　　　　November 13, 2011

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**Joseph Mauro**