Law Offices of Peter Cipparulo, III, LLC
349 Route 206, Suite K
Hillsborough, New Jersey 08844
Telephone: 908-275-8777
**Attorneys for Defendant, Receivables Performance Management, LLC**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMER LEVY<br><br>        Plaintiff,<br><br>    vs.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC<br><br>        Defendant. | Action No. 11-3155<br>Defendant Receivables Performance Management LLC Answers to Interrogatories |

**TO:** Joseph Mauro, Esq.
306 McCall Ave.
West Islip, NY 11795
Attorneys for Plaintiff, Omer Levy

Defendant, Receivables Performance Management, LLC, by and through its attorneys, Rac... and Weller, submits the following as its Answers to the Plaintiff's Interrogatories.

PRELIMINARY STATEMENT

The defendant Receivables Performance Management, LLC has not fully completed its investigation and analysis of the facts circumstances and law relating to the multiple causes of action. Therefore, all of the responses contained herein are based only upon such information, documentation, analysis, testimony and?or expert opinion as is presently available to and specifically known to this defendant, and this defendant therefore discloses only those materials or documents of which it presently has knowledge or awareness, and in relation to this party's interpretation of the claim's cause of action and laws relevant herein.

The following responses are made without prejudice to this defendant's right to produce further information, evidence or testimony of any subsequently discovered or analyzed fact or facts, as well as any supplemental, amended or changed facts or contentions, which may later become relevant or available, so long as consistent with the Federal Rules. This defendant further reserves its right to amend and supplement any and all responses herein as additional facts are ascertained, analyses are made,

legal research is completed, contentions are made, and after defendant has had an opportunity to complete its written and oral discovery.

The Preliminary Statement and the following General Objections shall be deemed to be incorporated into, applicable to, and continuing with, respect to, each response of this defendant contained in this document. No objections or privileges shall be deemed waived.

## GENERAL OBJECTIONS

I. On the advice of counsel, responding party objects to each inquiry contained in plaintiff's First Set of Interrogatories to the extent that responding party is required to disclose information and/or documentation protected from disclosure or other discovery under the attorney/client privilege, work product doctrine, and/or other applicable privileges or protections. Without limitation, this responding party will not produce any information reflecting the mental impressions, conclusions, opinions, legal theories or other work product of its counsel or any privileged or confidential information gained by its counsel.

II. On advice of counsel, responding party further objects to each inquiry contained in plaintiff's first set of interrogatories to the extent that it calls for information irrelevant and immaterial to the specific causes of action plead.

III. On the advice of counsel, responding party objects to each and every interrogatory to the extent that it seeks confidential, commercial, research and development, subsequent remedial measures or changes, financial or business records, trade secrets, and/or business records.

IV. On the advice of counsel, responding party objects to each Interrogatory to the extent that it overly broad, unduly burdensome, oppressive and seeks information which is neither relevant to the causes of action involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

V. On the advice of counsel, responding party objects to each and every Interrogatory to the extent that it seeks information not in this defendant's possession, custody or control.

VI. On the advice of counsel, responding party objects to plaintiff's in appropriate and incomplete definations, nomenclature and terminology employed within each interrogatory. Such incomplete and inappropriate definations and questioning make the questions vague and unintelligible such that a meaningful response cannot be provided.

VII. On the advice of counsel, responding party objects to plaintiff's interrogatories to the extent that they seek information or documentation with regard to individuals or entities other than the named plaintiff and any response or production would violate the rights and confidentiality protections of said non-party individuals who have not authorized the release of their protected information or documentation.

VIII. On the advice of counsel, responding party objects to each interrogatory which relates to materials authored by third parties/entities which materials are equally accessible to plaintiff. As such, said information or material shall not be provided as plaintiff may easily bear the burden of their own research.

IX. In providing a good faith response to interrogatories, this responding party does not expressly or impliedly adopt, ratify or accept any definition, description, identification or terminology employed by plaintiff with regard to questions and requests. All such

objections to said terminology and definitions are preserved for resolution prior to or at time of trial.

Each individual objection is set forth in the following responses.

Very Truly Yours,

*[signature: Peter Cipparulo, III]*

PETER CIPPARULO, III

January 12, 2012
Our File No. 103-000

Defendant Receivables Performance Management, LLC's Answers to interrogatories propounded by plaintiff

1. Defendant objects to this interrogatory as overbroad and unduly vague. Notwithstanding said objection, Henry Shorter is director of quality control and compliance.

2. Please refer to attached call history report which identifies the individual caller. D

3. Assuming that "you" refers to Receivables Performance Management, LLC ("Rpm') two hundred eighty-four (284) were placed to phone number (646) 286-4424

4. Please see attached call history report.

5. Please refer to attached call history report.

6. Please see attached call history report.

7. On advice of counsel, this interrogatory is not relevant to such matter of the issue in dispute. Additionally, this interrogatory is overbroad in the information and scope of information sought. Notwithstanding said objection, defendant is in the process of compiling all such information.

8. Defendant intends to respond to this interrogatory but is in the process of compiling the requested information.

9. Defendant objects to this interrogatory as overbroad and unduly vague. However, defendant is in the process of compiling the information requested. Training manuals for made available for inspection upon reasonable notice to defendant.

10. Such equipment was manufactured by Noble Systems. See attached manual.

11. Such equipment was manufactured by Noble Systems. See attached manual.

12. This defendant cannot answer this interrogatory as it is unduly vague in the information sought. If the question is redefined, defendant will make a best attempt to provide an answer.

13. None.

14. Defendant objects to this interrogatory as overly broad and unduly vague. Notwithstanding said objection, numbers are imputed into the Noble System by region. When a person is reached, an employee is notified so as to be able to speak to the person.

15. Upon advice of counsel, defendant objects to this interrogatory as not relevant.

16. The only means of communicating with the plaintiff is through the use of the cell phone. Since plaintiff only had a cell phone available to contact him, he expressly consented to allow persons and parties to contact him through the use of his cell phone.

17. Ameritech Gold Mastercard.

18. Ameritech Gold Mastercard.

# Law Offices of
# Peter Cipparulo, III, LLC

Peter Cipparulo, III, Esq.*
*Certified by the Supreme Court of New Jersey
as a Certified Civil Trial Attorney*

349 Route 206, Suite K
Hillsborough, NJ 08844
Phone: (908) 275-8777
Fax: (973) 737-1617
Email: petercipparulo@cipplaw.com

January 30, 2012

Via email only

Joseph Mauro, Esq.
Law Offices of Joseph Mauro, LLC
306 McCall Avenue
West Islip, NY 11795

RE: Levy v. RPM
    Our file No. 026

Dear Mr. Mauro:

Defendant Receivables Performance Management, LLC ("RPM") amends its answers to interrogatories to include the following:

2. Please see list of current employees of RPM (Bates stamped 508). Defendant declines to provide current address. If deposition is requested, the employee will be produced. If the employee leaves the company, then last known address will be provided. With respect to former employees, please see list with last known addresses (Bates Stamped 507)

5. Please refer to PIK notes previously forwarded under cover letter of January 13, 2012 and Bates Stamped 005 to 027.

7. Please refer to all list attached (Bates stamped 510-513) which refers to all litigation filed in 2011 or claims made in 2011. Defendant is in the process of compiling the rest of the information for the previous four years. Additionally, defendant will provide all applicable docket numbers.

8. Defendant will provide this information but is in the process compiling it. Once the information has been compiled, it will be forwarded.

9. Please refer to RPM compliance manual (Bates Stamped 425-462).

15. Defendant refers plaintiff to its compliance manual (Bates stamped 425-462).

With respect to Demand for Production of Documents, please see the following:

1. Print out of electronic transmission of account (Bates Stamped 509).

2. Defendant amends its answer to include all Noble Systems manuals Bates Stamped (231-434). Please disregard manual previously forwarded under Bates Stamp (029-230) as documents were photocopied in incorrect order.

6. See also Bates Stamped document 509.

7. See also Bates Stamped document 509.

8. See Compliance manual Bates stamped 425-462.

9. See Compliance manual Bates stamped 425-462.

19. See Compliance manual Bates stamped 425-462.

20. See Compliance manual Bates stamped 425-462 and documents Bates Stamped 463-507.

21. See Compliance manual Bates stamped 425-462 and documents Bates Stamped 463-507.

33. See documents Bates Stamped 507 and 508.

34. Defendant is in the process of obtaining information pertaining to any complaints with respect to any employee identified in Answer to interrogatory No .

The certification of Henry Shorter, the Director of Quality Control & Compliance, is attached.

These documents will not be sent by regular mail unless requested by plaintiff.

Should you have any questions regarding the documents transmitted or whether the documents transmitted or to be furnished satisfy plaintiff's discovery requests, please call me at your earliest convenience.

Very Truly Yours,

PETER CIPPARULO, III

## CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[signature: Henry Shorter]*

Henry Shorter, Director of Quality Control & Compliance