The Law Office of Joseph Mauro, LLC          **(631) 669-0921**
306 McCall Ave                               **(631) 669-5071 fax**
West Islip, NY  11795

                                                  May 23, 2012

**Hon. E. Thomas Boyle**
**Alphonse M. D'Amato Federal Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

                    **RE:  LEVY v. Receivables Performance Management, LLC.**
                    **CV -11 - 3155**

Honorable Judge Boyle,

      I represent the Plaintiff in the above matter.  Please accept this letter as a motion to compel the Defendant to produce certain documents.

      Plaintiff brought this action alleging that the Defendant debt collector violated the Fair Debt Collections Practices Act (FDCPA), and the Telephone Consumer Protection Act (TCPA) while attempting to collect a debt from the Plaintiff.  The case involves the Defendant using a robo-caller to call the Plaintiff approximately three hundred (300) times; falsely threatening to sue the Plaintiff; and using an ethnic slur while speaking to the Plaintiff.

      Plaintiff served the initial discovery requests on this case in November 2011. After a previous motion to compel, and eventually a motion for contempt, the Defendant produced certain documentation. Plaintiff then conducted depositions. At the depositions, the Defendant identified additional documentation that had not been produced. The Plaintiff called for the production of those documents, but such have not been disclosed. I have consulted with defense counsel Peter Cipparulo about these requests, and I have been informed that the Defendant does not object to the production of these documents, but will not inform me as to when the documents might be produced.  The current discovery cutoff is July 1, 2012.  This deadline was extended at the Plaintiff's request partially due to the fact that these additional documents had not been turned over.  The Plaintiff is respectfully requesting the Court to order the Defendant to produce the requested documentation on or before June 7, 2012.  Without such an order, the Plaintiff is left in the position of hoping that the Defendant produces the documentation prior to the discovery cutoff.

      There are seven specific items that Plaintiff seeks:

1.  Information provided by the credit reporting agency Trans Union to Defendant RPM about the Plaintiff

in October 2011 and December 2011.

2. The 3 requests that Defendant RPM made to Trans Union for any phone numbers of Plaintiff Omer Levy. (as distinguished from the response that Trans Union provided)

3. Other "files screens" related to the L1 line on the first set of Defendant's collection notes.

4.  All other screens related to the second set of Defendant's collection notes. (Defendant RPM provided these additional screens for the first set of notes, but not the second).

5. The documents reflecting the placement of the debt with Defendant RPM by the creditor Main Street Acquisitions. .

6. The documents reflecting the debt buyer Main Street Acquisition's  termination of Defendant RPM's right to collect the debt, in January 2011, and then again, in February 2011.

7. Complaints made to the Washington State Attorney General about Defendant RPM.


Plaintiff called for the production of these documents at the depositions of the Defendant in April 2012. Since that time I have provided the Defendant with a written request for such documents (Exhibit A hereto), and I have spoken to Defense counsel about such. As indicated above, the Defense counsel has informed me that they do not object to the disclosure of these documents, but Attorney Cipparulo has also informed me that he is unable to tell me when such documents will be disclosed. [1]

Plaintiff respectfully requests that the Court direct the Defendant to produce this additional documentation on or before June 7, 2012.

Finally, the Court should be aware that simultaneous with this motion, the Plaintiff and Defendant are filing a joint motion for a conference with your Honor relating related to confidential documents and scheduling.


Sincerely,


Joseph Mauro

---

[1]  As the disclosure of such documents is uncontested, the Plaintiff has not listed each specific document request that requires the defendant to provide these documents. Exhibit B hereto however is the Plaintiff's initial discovery requests.