The Law Office of Joseph Mauro, LLC          **(631) 669-0921**
306 McCall Ave                                **(631) 669-5071 fax**
West Islip, NY   11795

August 27, 2013

**Honorable Joseph F. Bianco**
**Alphonse M. D'Amato Federal Courthouse**
**100 Federal Plaza**
**Central Islip, NY 11722**

>           RE:  LEVY v. Receivables Performance Management, LLC.
>                              CV -11 - 3155

Honorable Judge Bianco,

     I represent the Plaintiff in the above matter. There are currently cross motions for partial summary judgment pending, as well as Plaintiff's motion for spoliation sanctions.

     I am writing to call the Court's attention to the recent case of *Sekisui Am. Corp. v. Hart*, 2013 U.S. Dist. LEXIS 115533 (S.D.N.Y. Aug. 15, 2013), in which the Honorable Judge Shira Scheindlin addressed the current state of spoliation sanctions in the Second Circuit. (As the Court is likely aware, Judge Scheindlin was the author of the series of seminal *Zabulake* decisions addressing the issue of spoliation.)  Among the detailed discussion, Judge Scheindlin notes:

> When evidence is destroyed intentionally, such destruction is sufficient evidence from which to conclude that the missing evidence was unfavorable to that party.As such, once wilfulness is established, no burden is imposed on the innocent party to point to now-destroyed evidence which is no longer available because the other party destroyed it. Rather, the "risk that the evidence would have been detrimental rather than favorable [to the spoliator] should fall on the party responsible for its loss."To shift the burden to the innocent party to describe or produce what has been lost as a result of the opposing party's willful or grossly negligent conduct is inappropriate because it incentivizes bad behavior on the part of would-be spoliators. That is, it "would allow parties who have destroyed evidence to profit from that destruction.   *Id. at 35-36* (internal cites omitted)

> The law does not require a showing of malice to establish intentionality with respect to the spoliation of evidence. In the context of an adverse inference analysis, there is no analytical distinction between destroying evidence in bad faith, i.e., with a malevolent purpose, and destroying it willfully.That Sekisui provides a good faith explanation for the destruction of Hart's ESI — suggesting that Taylor's directive was given in order to save space on the server — does not change the fact that the ESI was willfully destroyed. *Id at 27* (internal cites omitted)

Additionally, I want to call to the Court's attention an in-debt decision that was recently issued by the Third Circuit Court of Appeals addressing "revocation of consent" under the Telephone Consumer Protection Act (TCPA). *Gager v. Dell Fin. Servs., LLC*, 2013 U.S. App. LEXIS 17579 (3d Cir. Pa. Aug. 22, 2013) appears to be the first Circuit decision addressing the revocation issue under the TCPA. In their brief to the Court, Defendant herein cited to the District Court decision in *Gager*. Though the Plaintiff herein never *gave* consent (which renders the whole issue a red herring), Plaintiff feels obligated to inform the Court that the decision in *Gager* has been reversed. The *Gager* Court summarizes their discussion as follows:

> However, we conclude that the absence of an express statutory authorization for revocation of prior express consent in the TCPA's provisions on autodialed calls to cellular phones does not tip the scales in favor of a position that no such right exists. We reach this conclusion for three reasons. First, our understanding of the common law concept of consent shows that it is revocable. Second, in light of the TCPA's purpose, any silence in the statute as to the right of revocation should be construed in favor of consumers. Finally, the FCC's decision in SoundBite provides further evidence that we have reached the correct result in this case. *Id. at 11*.

The two decisions are attached for the convenience of all. As the motions have been fully briefed, I submit such without argument.


Sincerely,


Joseph Mauro