# Law Offices of
# Peter Cipparulo, III, LLC

Peter Cipparulo, III, Esq.*
*Certified by the Supreme Court of New Jersey
as a Certified Civil Trial Attorney

349 Route 206, Suite K
Hillsborough, NJ 08844
Phone: (908) 275-8777
Fax: (973) 737-1617
Email: petercipparulo@cipplaw.com

August 29, 2013

**VIA ECF**

Honorable Joseph Bianco U.S.D.J.
United States District Court
100 Federal Plaza
Central Islip, NY 11722

                           RE:   LEVY v. RPM, et al.
                                      Docket No. 11-cv-3155
                                      Our File No. 026

Dear Judge Bianco:

       Plaintiff has filed another letter on August 27, 2013 which requires defendant to make a brief response. First, plaintiff cites <u>Sekisui American Corporation, et al. v. Richard Hart, et al.</u>, 2013 U.S. Dist. Lexis 115533 (SDNY). Reliance on this decision is misplaced. The decision, authored by Judge Scheindlin, primarily focuses on the obligation to preserve evidence on the **"party planning to sue"**. <u>Id</u>. at *1. In fact, the Court commented that "the imposition of sanctions for the spoliation of evidence is a relatively rare occurrence." <u>Id</u>. at *2.

       In reviewing the facts in <u>Sekisiu</u>, <u>supra</u>, the party who sued the defendant, destroyed the complete e-mail account of defendant Hart and another employee. <u>Id</u>. at *3. Thus, at the very time plaintiff was planning to sue the defendant, it destroyed his e-mail account.

       This factual pattern is quite different from the case presented to Your Honor. First, RPM is a defendant in this action. Second, unlike the parties in the cited case, there was no documents that were purposely destroyed. Here, we do not even know if there were any such recordings of four phone calls that were even in the position to be inadvertently deleted. In <u>Sekisui</u>, entire e-mail folders were destroyed.

       With respect to the plaintiff's citing of <u>Gager v. Dell Fin. Servis., LLC</u>, 2000 U.S. App. Lexis 17579 (3d Cir Pa. Aug 22, 2013), it should be noted that the <u>Gager</u> plaintiff,

unlike Mr. Levy, revoked her consent in writing. Id. at *2. Mr. Levy never revoked his consent and never sent anything in writing to RPM at any time.

Moreover, as the Court is aware, District Judge Cogan, ruled in Saunders v. NCO Financial Systems, 910 F. Supp. 2d 464, 468-469 (E.D. NY 2012) that consent under the TCPA cannot be revoked. This decision has been the Eastern District ruling on whether consent under TCPA can be revoked.

Respectfully submitted,

PETER CIPPARULO, III

PC/mav
Enc.

cc: Joseph Mauro, Esq. (via ECF)