# Law Offices of
# Peter Cipparulo, III, LLC

Peter Cipparulo, III, Esq.*
*Certified by the Supreme Court of New Jersey
as a Certified Civil Trial Attorney*

349 Route 206, Suite K
Hillsborough, NJ 08844
Phone: (908) 275-8777
Fax: (973) 737-1617
Email: petercipparulo@cipplaw.com

June 4, 2014

**VIA ECF**

Honorable Joseph Bianco U.S.D.J.
United States District Court
100 Federal Plaza
Central Islip, NY 11722

          RE:  LEVY v. RPM, et al.
               Docket No. 11-cv-3155
               Our File No. 026

Dear Judge Bianco:

      Please accept this letter in response to plaintiff's letter of May 30, 2014. Defendant feels constrained to submit this letter inasmuch as the plaintiff engaged in additional briefing.

      First, it is difficult to understand how the stipulation between the parties regarding the Automatic Telephone Dialer System ("ATDS") would still be applicable if the Federal Communications Commission ("FCC") clarified the definition as what constitutes an ATDS under the Telephone Consumer Protection Act. Such a stipulation can no longer be binding given that the parties stipulated that the RPM phone system used to telephone the plaintiff constitutes an ATDS as defined under the Telephone Consumer Protection Act. If the FCC in its rulemaking authority clarifies the definition of

what constitutes an ATDS, then the stipulation can no longer be binding depending on how that definition is clarified. Moreover, contrary to the plaintiff's position, any decision from the FCC can be applied retroactively. As stated in <u>Republic of Austria v. Altmann</u>, 541 U.S. at 692-93, 124 S.Ct. 2240, 159 L. Ed. 1 (2004), the antiretroativity presumption is just that—a presumption, rather than a constitutional 195 command. It demonstrates that the force of the presumption depends on the values that underlie it and the degree to which such values are at issue. As further stated in <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 269, 114 S.Ct. 1483, 128 L.Ed. 2d 229 (1994), retroactive laws are not always pernicious. They may 'serve entirely benign and legitimate purposes,' such as responding to emergencies, correcting mistakes, preventing attempts to undermine the transition to new legal rules, or simply giving comprehensive effect to a desirable policy change.

    Finally, in <u>Bowen v. Georgetown University Hospital</u>, 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed. 2d 493 (1988), the Supreme Court held that congressional enactments and administrative rules will not be construed to have a retroactive effect unless their language requires these results. It is suggested that until the FCC makes its determination, no determination can be made as to whether the rules will have retroactive effect.

    Respectfully submitted,

*Peter Cipparulo, III*

PETER CIPPARULO, III

PC/mav
Enc.

cc:    Joseph Mauro, Esq. (via ECF)